BECKHAM COUNTY
FILED

NOV 05 2021

DONNA HOWELL, COURT CLERK
BY_____ KN_____ DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

ANTHONY R. HILL, an individual, )
)
                Plaintiff, )
)
v. )   Case No. CJ-21-94
)
P.A.M. CARTAGE CARRIERS, L.L.C. a limited )
liability company; P.A.M. TRANSPORT, INC., a )
corporation, and NICHOLAS M. PETRINO, an )
individual, )
)
                Defendants. )

## PETITION

COMES NOW the Plaintiff, Anthony R. Hill, and for his Petition and causes of action against the above-named Defendants alleges and states as follows:

**I.**   **JURISDICTION**

    1.   This Court has jurisdiction pursuant to Okla. Stat. tit. 12, § 2004(F).

    2.   Plaintiff Anthony R. Hill is a Texas citizen.

    3.   Defendant Nicholas M. Petrino is a Florida citizen.

    4.   Defendant Nicholas M. Petrino was at all times described herein the agent, servant, and employee acting within the scope of his employment or on behalf of Defendant P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc. Defendant P.A.M. Cartage Carriers, LLC is therefore responsible for the actions and conduct of Defendant Petrino under the doctrine of *respondeat superior.*

    5.   Defendant P.A.M. Cartage Carriers, LLC is a for-profit limited liability company, organized and existing under the laws of a State other than Oklahoma. Defendant P.A.M. Cartage Carriers, LLC, Inc. does business in the State of Oklahoma and in Beckham County.

**EXHIBIT 2**

6. Defendant P.A.M. Transport, Inc. is a corporation, organized and existing under a state other than Oklahoma, doing business in the State of Oklahoma and Beckham County.

## II. VENUE

7. Venue attaches in Beckham County, Oklahoma because the collision referenced herein occurred in Beckham County.

## III. STATEMENT OF THE FACTS

8. On or about January 19, 2018 at 6:30 p.m., a tractor trailer owned by, or leased to, Defendant P.A.M. Cartage Carriers, L.L.C. and/or P.A.M. Transport, Inc., and being operated by Defendant Petrino, entered the business premises at Loves truck stop in Beckham County, State of Oklahoma, at a high rate of speed, colliding with the vehicle occupied by Plaintiff Anthony R. Hill, at a time that Plaintiff's vehicle was parked in the designated parking space.

9. As a direct result of the collision Plaintiff sustained injuries and damages.

## IV. CAUSE OF ACTION: DEFENDANTS P.A.M. CARTAGE CARRIERS, LLC, P.A.M. TRANSPORT, INC. AND PETRINO

10. The tractor-trailer operated by Petrino and owned by and registered to P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc., was a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

11. At all relevant times P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc., and their employees operated commercial motor vehicles and therefore they were subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300 et seq.

12. These regulations are intended to reasonably protect the safety of the public.

13. At all relevant times Petrino was an employee of P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc. as that term is defined by 49 C.F.R. § 390.5.

14. Defendant Petrino, in operation of Defendants' semi-tractor and trailer failed to exercise ordinary care in causing his vehicle to collide with the Plaintiff's parked vehicle thereby endangering the safety of the public, including Plaintiff.

15. Defendant Petrino, in operation of Defendants' semi-tractor and trailer violated provisions of the Oklahoma's Rules of the Road, Okla. Stat. tit. 47, § 11-101 *et seq.*, and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300 *et seq.*, which are designed to protect members of the public, including Plaintiff, from unnecessary injury and harm.

16. A substantial factor causing the collision and the injuries and damages to the Plaintiff was the negligence of Defendant Petrino, including but not limited to one or more of the following respects:

    a. Operating his commercial motor vehicle at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead in violation of Oklahoma Statute 47 O.S. §11-801(A) and 49 C.F.R. §392.2;

    b. Failing to keep a proper lookout for other vehicles;

    c. Failure to pay proper attention to his driving;

    d. Failing to take evasive action to avoid the collision;

    e. Operating the tractor-trailer while his ability or alertness was so impaired through fatigue to make it unsafe for him to continue to operate the vehicle, in violation of 49 C.F.R. § 392.3;

    f. Failing to apply his brakes to avoid the collision;

    g. Failing to use his vehicle's steering mechanism to avoid the collision;

    h. Failing to maintain a vehicle under his control; and

    i. Failing to drive as a reasonable driver of a commercial motor vehicle

would under the then existing conditions.

17. Defendant Petrino was acting within the scope of his employment with Defendant P.A.M. Cartage Carriers, LLC and or P.A.M. Transport, Inc., at the time of the collision because he was engaged in the work which had been assigned to him by said Defendants, or was doing that which is usual and necessary to accomplish the work assigned to him by said Defendants. Accordingly, Defendant Petrino's acts and omission described herein are the acts or omissions of Defendant P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc.

18. Defendant P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc., as owners or controllers of the semi-tractor, failed to use ordinary care to avoid lending and/or providing a semi-tractor and/or trailer to Defendant Petrino when said Defendant knew or reasonably should known under the circumstances that Defendant Petrino was careless, reckless, and/or incompetent to drive. The acts and omissions in providing Defendant Petrino a semi-tractor and/or trailer constitute independent acts and omissions of negligence on the part of Defendant P.A.M. Cartage Carriers, LLC and/or P.A.M. Transport, Inc.

19. Defendants' individual and concurring acts and omissions described herein were the sole, direct, and proximate cause of the unnecessary injury to Plaintiff.

20. That in the subject collision, Plaintiff was free from any fault or negligence.

21. As a direct result of the negligence of the Defendants, the Plaintiff has suffered personal injury, pain and suffering, medical expenses and other related injuries and damages, and has been damaged in an amount greater than $75,000.00.

## V. PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff prays judgment against all Defendants jointly and severally for the injury and damages suffered by the Plaintiff in such amount as is just and reasonable, in excess of $75,000.00.

Respectfully submitted,

By_____
William J. Ervin, Jr., OBA #16831
The Law Firm for Truck Safety, L.L.P.
914 N. Broadway Avenue, Suite 140
Oklahoma City, OK 73102
T: 405.605.0442
F: 888.838.8828
Email: joe@truckaccidents.com

ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**